Will the clerk please call the next case? 1210956WC Daniel Cummings, appellant by Matthew Gannon v. The Illinois Workers' Compensation Commission, future Environmental Incorporated appellee by Nicole Breslow. Mr. Gannon, you may proceed. Morning. As you know, my name is Matt Gannon. I represent the appellate in this matter, and we have two issues presented for review today, with the first one being whether the Workers' Compensation Commission was in error in making evidentiary rulings that struck medical record as evidence, despite a stipulation between the parties, as well as it being admitted into evidence without objection. A little background of the petitioner in this matter. Mr. Cummings, he filed a claim for occupational disease, alleging that he contracted occupational lung, I'm sorry, obstructive lung disease during the course of his seven years of employment with the respondent, Future Environmental. Some of Mr. Cummings' job duties involved cleaning up jet fuel, cleaning up pipeline leaks, oil spills, cleaning out storage The majority of the cleanup work, it involved motor oil, hydraulic oil, transformer oil, transmission fluid, and heating oil. What he would do is he would steam clean oil storage tanks as well. And four of those seven years, he worked with ethanol dichloride, and worked in confined spaces. And the reason that is important for the review today is the medical evidence that was stricken by the arbitrator in this matter, detailed these type of chemicals that he was exposed to during the seven years and specifically the four years with the ethanol dichloride. Also, if I could ask you, is it true that the arbitrator and ultimately the commission found that Dr. Fletcher's testimony to be more credible, believable than Dr. Cohen's testimony? That is true. And what is interesting about that is Dr. Fletcher specifically testified that he did not have a causation opinion, as opposed to Dr. Cohen, who had a specific causation opinion, which brings us back to the issue number one with the medical evidence that was stricken. One of the reasons it's so important is within those records that were stricken is it's not just Dr. Cohen with causation opinions. There's three other doctors from Northwestern so all four have the same conclusion is that this is irritant induced asthma, that his obstructive lung disease was caused by these chemicals. So it's not a case where it is a battle of the experts, so to say. The respondent hired Dr. Fletcher, who specifically opined that he does not have a causation opinion because he did not have enough information to make one. And the reason it's not a battle of the experts is because there's four total Northwestern treating physicians who have contrary opinions. They all have the same opinion that this is irritant induced obstructive lung disease. What do you make of the arbitrator's finding that Dr. Cohen testified to the wrong chemical? Is that significant here at all? No. Respectfully, I believe that was an error. He did not testify to the wrong chemical. There was a host of chemicals. The ones that I just listed were all within Dr. Cohen's review and analysis of the petitioner. He opined that there's not just one specific chemical. The ethanol dichloride was one of the main irritants. However, the list that I previously had also contributed to his obstructive lung disease. He's a 31-year-old young man who doesn't smoke. There was no other risk factors for him. There was no other evidence presented to the arbitrator through Dr. Fletcher or through anyone that there was some other cause. And the specific case law that we see often here in workers' compensation is he did not have asthma or obstructive lung disease prior to working for the respondent. He's exposed to these chemicals. He gets to the point after seven years where he can no longer stand the asthma, goes to see Dr. Cohen, and treats with four total physicians at Northwest. To move, I guess, even deeper into the main issue here, which is the arbitrator striking medical evidence that was stipulated to and that no objection was made at the time it was admitted. The commission adopted the arbitrator's decision. However, we have a two-page dissent. So the only guidance we have from any of the commissioners is the one dissent that specifically states, and I'll read it here, that the arbitrator in this matter made evidentiary rulings that are contrary to the Illinois rules of evidence. The arbitrator's inexplicable decision to refuse to even consider portions of medical records contained in of an abuse of discretion. The respondent did not object to the entirety of Petitioner's Exhibit 2 going into evidence. The respondent raised no objections regarding the sufficiency or accuracy of the medical records contained in the exhibit. It is mind-boggling that the arbitrator would decide to essentially exclude the majority of these records. To make matters worse, the arbitrator then criticizes the sufficiency of Petitioner's medical evidence, knowing he refused to consider a large amount of the relevant medical records. So you're saying the respondent never objected? There's no objection. And I can read, I have Exhibit 1 to the transcript, specifically states, Mr. Gannon, Petitioner's Exhibit 2 are the medical records of Northwestern Medical Group and Dr. Cohen. Arbitrator, respondent, the respondent's attorney, no objection. Arbitrator, okay, that's admitted. So what do you make of the arbitrator's statements in the record? Here, the foundation is lacking because the photograph reportedly depicts a work site and works seven years after the date of the alleged exposure. What is the arbitrator referring to there? So that would be issue number two. The other issue is the photographic evidence. Petitioner's second issue. So that relates to the second issue of the photographs. Yeah, the second issue. The arbitrator's reason for issue number one, he wrote, Petitioner's medical records from Northwestern Medicine submitted as purportedly received in response to a subpoena consists of 135 pages. He goes on to say the certification of medical records indicates that the documents sent consist of 38 pages. Therefore, I will consider pages one through 26 only. So I didn't even get an opportunity to cure anything because there was no objection made and it was a stipulation. And if the arbitrator did have issue with the admissibility of those records, he didn't let anyone know until he wrote the decision. It handcuffed me. I didn't have an opportunity to represent my client in curing a defect because from my view, there was no defect. It's a stipulated evidence. And if parties can't stipulate to evidence and if evidence can't go in without objection, it's very difficult for an attorney to try his case and represent his client. If you would like me to move to the second issue at this time, I will, hear none. We're talking about exhibit number seven at this point. Can I ask one more question on exhibit two? On the issue of the medical records, what is there in those medical records that would have supplied the deficiency that the arbitrator noted in the proofs? So the arbitrator in his decision wrote that he would consider pages one through 26. What's very important to our causation opinions. Now, Dr. Cohen testified, but what bolsters his opinion, because he does have a causation opinion as opposed to Dr. Fletcher, who did not, was three other physicians. And they all classify that, and this is after page 26, they all classify petitioners obstructive lung disease and asthma as irritant induced. So again, it's not a battle of experts one-on-one. This is for treating physicians with opinions versus one retained section 12 examiner without a causation. So those pages are critical. It is key evidence. If he didn't agree with Dr. Cohen's testimony, his testimony is supported by three other Northwestern physicians within those records. And I think what's important is the arbitrator does cite that he has authority to do so pursuant to 820 ILCS 30516. But I believe that's misapplied. What that statute stands for is that there shall be a rebuttable presumption that any such records reports and bills received in response to a commission subpoena are certified to be accurate and to be true and correct. This paragraph doesn't restrict, limit, or prevent the admissibility of records, especially if they're stipulated to. A certification page isn't required with a stipulation. Without an objection, we don't need a certification page. And looking back, there shouldn't even been one there. So what the arbitrator did is he found the certification page, and I think used that as a basis to strike medical evidence that it was already admitted, it was already stipulated to. Issue number one is the main focus here of this appeal. There are two issues presented before this court, but issue number one is the main one. Issue number two is dealing with petitioner's exhibit number seven, which is photographic evidence. And what the photographic evidence was is a photograph that the petitioner himself is in. And he laid a proper foundation for, but foundation is irrelevant because there was no foundation objection made at the time of the hearing. The objection at the time of the hearing was relevant. And the arbitrator's decision that was adopted by the commission said that there was no foundation laid. And again, I'd have to move to the dissent. It's the only guidance we have from any commissioner here. The dissent specifically states that the arbitrator erroneously rejected petitioner's exhibit seven. It contained photographs taken in 2007. The respondent properly identified the photographs and testified that they depicted the condition of his work site. He testified that his job duties remained generally consistent during the seven-year tenure at the respondent's facility. Respondent objected and argued that the photographs are not relevant as they predated the alleged date of entry. The dissent states, I believe the arbitrator abuses discretion in excluding this exhibit as petitioner did lay a proper foundation for the photographs, credibly testified to them. They remain a true and accurate depiction of his work. And again, the foundation objection was not made. If the objection is not made, long-standing case law states that it's waived. Failure to make a contemporaneous objection waives the case law. That goes back to the Rice decision in 1991. I can continue on citing, but it's been unwavering case law. With the photographic evidence, why that is important is the bag contains asbestos materials within it. The bag is being held by the petitioner. The writing on the bag was big letters that said danger on it. Petitioner testified to this was a common job duty that he had and that the word danger was on that bag because of the hazardous materials contained in there. He's the one whose job duties require him to put those materials within the bag. So the two evidentiary rulings we maintain are contrary to the law and we request this commission's decision that adopted the arbitrator's decision. And if there's any other questions or anything else that you would like me to address, please let me know. Mr. Gannon, you'll have time in reply. Thank you. Counsel Breslau, you may respond. Thank you. May it please the court. Counsel, my name is in this matter. At this time, I am here to ask the court to affirm the decision of the arbitrator, the commission and the circuit court in this case. We believe that the decision was ultimately not against the manifest weight of the evidence and should be affirmed. As counsel indicated, the issues on appeal are fairly narrow. They've raised issues regarding two evidentiary rulings that they assert were erroneous. The first relates to exhibit two, which consists of medical records and the second relates to exhibit seven, which consisted of photographs. It's our position that neither of the evidentiary rulings were erroneous. However, even if this honorable court were to conclude that the rulings were erroneous, it is our position that they were nothing more than harmless error and did not ultimately change the outcome of the case. I can understand your argument on how the exclusion of exhibit two was not legally erroneous. If evidence is presented and the opposing party says I have no objection, then why does there need to be a certification? Understood, your honor. I would point to the Brink case that was cited by the appellant in their brief. That case holds that the court may relieve parties of a stipulation when it's based on false information. In this case, I would say that the certification that was tendered along with the records was inaccurate and did not match the records that were there. The court may, for the Brink case and the exercise of sound judicial discretion, relieve parties from a stipulation. That being said, your honor, I would also point out that if you look at the totality of the record, what we're really talking about are pages 27 to 135 of exhibit two. A decent portion of those pages are contained elsewhere in the record. Even if you set aside what happened with exhibit two, you can find, for example, pages 35 to 48, pages 89 to 90, and pages 101 to 134 are contained elsewhere in the records attached to deposition transcripts. One thing I believe you just said, did you say that the court has or the commission has the inherent authority to allow the parties to be relieved of the stipulation? Is that what you said? Well, looking at the Brink decision, which was cited by appellant, that's what the dicta in that case holds. Again, even if your honors were to find that the arbitrator and the commission did error in that event, I would still point out to the fact that a majority of the records that you're excluding appellant's argument were in fact contained elsewhere in the records. I understand that's your fallback position, but I guess what I'm asking is pointedly, is did anybody ask to be relieved of a stipulation? Not to my knowledge, your honor. That was on sua sponte. Correct, your honor, and I cannot speak for arbitrator Siecko's mindset when he wrote his regarding the contents of those records and to address a couple of the points that were raised there. First, he's argued that multiple physicians provided causation opinions. To that point, I would assert that it's always petitioner's burden of proof to establish that they have sufficient evidence to entitle them to benefits under the act. In this case, petitioner chose only to call one physician for evidence deposition. He put forth Dr. Cohen as primary expert in this case. Dr. Cohen's opinions were found to be less persuasive by the arbitrator, the commission and the circuit court. I don't see anything in either commissioner Tyrell's dissent or here that other than the fact that these doctors offered these opinions without saying what their background was, anything else, why this would have been more persuasive to the commission. I would also point that the deficiencies in the doctor's knowledge of the work duties would not be rectified by the fact that multiple physicians signed on to this. The records do contain what the doctors knew about what petitioner did. That's copied and pasted multiple times, including in these excluded pages, but also in the pages that are in arguably in evidence and were considered. I think it goes back to the fact that these doctors simply didn't have the requisite knowledge to render a causation opinion within a Can I ask a question? The excluded portion of the records that aren't found elsewhere, did they contain causation opinions from these doctors? I believe and counsel can correct me if I'm wrong on rebuttal. I believe that what they said was that it was related to occupational exposure with a copy and paste of the job duties from elsewhere. So my question is, when the commission turns around and says you're what we believe, the respondents doctor as opposed to the claimants doctor, but fails, fails to consider other causation opinions erroneously, then don't we have a problem with the commission's decision? Your Honor, in this case, I would assert not because in those records, the history of the work, the knowledge of what petitioner did is exactly the same as in the admitted records. None of those doctors had different. I don't dispute the fact that the commission could have found that after they considered the record, but in totally failing to consider the record, failing to consider the opinions, haven't they prejudiced the respondent to the effect that they didn't consider the totality of the evidence and then come up with reasons why the evidence was not believable. Your Honor, again, I would respectfully assert no in this case. First, it's petitioner's burden to prove his case. If he believed that these doctor's opinions were that persuasive and credible, he could have put them forth for deposition and he chose not to do so. He only put forth Dr. Cohen. The commission found that Dr. Cohen did not have sufficient knowledge of what petitioner did in his job. They cited to a laundry list of examples, including not knowing how often he worked in confined spaces, using protective equipment, knowing the permissible exposure limits for ethylene dichloride or what petitioner's exposure to ethylene dichloride was, not knowing how often petitioner worked with styrene, used protective equipment while working with styrene, how often he cleaned up volatile organic compounds, whether- Ms. Breslau, let's go right to the case here. My point being- I'm sorry, I'm talking. Oh, I'm sorry. Okay, thank you. Let's go right to the issue here. Isn't the issue that these records were not considered? You're trying to make an argument that, well, they're going to say the same thing, that they're cumulative and so it wasn't necessary for the finder of fact to be looking at them. Is that your argument? Our argument is that even if they erred in their work, they would not have changed the deficiencies in the knowledge on the causation opinions. None of these- How do we know that? Because the records only contain the same history of work accident as the records that were admitted and considered and that Dr. Cohen testified to. There is nothing new regarding work duties contained in the records that were excluded, which would have answered these questions that were set forth in the decision as deficiencies identified by Dr. Fletcher in the knowledge of petitioner's work duties that make rendering a causation opinion in this case not possible within a reasonable degree of- So to summarize it, you're saying, yes, it's error, but it's harmless error because they're cumulative. In a nutshell, your honor, yes, I think- I like nutshells, yes. We like to reduce and simplify things. Thank you. You're welcome, your honor. And to address another point that was made as well, I know that counsel had indicated that there was no history of smoking. I would also say there was evidence at trial that would refute that and risk factors. Respondent presented a witness, Mr. Houston, who was the petitioner's supervisor. He testified that he had seen Mr. Cummings smoking and the medical records in Exhibit 1, which are not in dispute and were fully admitted, also contained an April 24th, 2014 entry indicating that Mr. Cummings had complained of seasonal allergy and chest pain with smoking. So I would also point to the fact that there were other bases that showed that there were comorbidities that also could support an alternative causation theory. Unless I'm making- unless I'm in error, I think what your opponent is saying is you improperly excluded two pieces of evidence that support my position. And so I want this to consider both of those pieces of evidence. How they come out after they consider them is another issue. But at least I think that's what his argument is. I think it is, your honor. And I think it's a clever argument. And I think what it's doing is inviting your honors to allow this to be subjected to essentially a second bite of the apple when the proper standard on review here should be the manifest weight of the evidence. And in this case, the decision of the arbitrator is well-reasoned and well-supported, adopting the opinions of Dr. Fletcher in finding a lack of sufficient knowledge regarding the job duties in order to support causation within a reasonable degree of medical certainty. So I understand the position, but I think at the end of the day, we shouldn't lose sight of the looking at here as a manifest weight standard. And I don't think that Appalach meets that burden here. I think the decision is well-reasoned. In addressing the photographs briefly, there was an objection made to those at trial on the basis of relevance. So I would argue that it was well within the province of the arbitrator and the commission to make an evidentiary ruling on the objection that had been made. And they ultimately concluded that the photographs, because of their lack of proximity to the onset date of the injury were not relevant. I believe that that was within their province and that ruling was not in error. That exhibit is distinct from exhibit two on that basis, since there was an objection at the time of trial to the and furthermore, I stand by, even if the photographs were considered, I don't believe that that again would have addressed the deficiencies in the knowledge of Dr. Cohen about petitioner's job duties, which is really what the decision turns on when you read it carefully as the laundry list of things that the doctors just didn't know about what petitioner did, which left it impossible to render a definitive causation opinion in this case. And that's why found the opinions of Dr. Fletcher to be more credible in this case. So in conclusion, no matter how your honors are inclined to view the handling of the evidentiary rulings in this case on both exhibits two and seven, it is our position that at the end of the day, the evidence that Apollon has put forth simply does not address the issues of the burden of proof that are at heart of the commission decision. There's nothing in there that would have changed it. Therefore, it is our position that the case should be assessed under a manifest weight of the evidence standard. And in doing so, it is clear that while commissioner Tyrell clearly would have assessed the evidence and come to a different conclusion, which is his right in the commission, that commissioners Dorries and Cortella agreed with the arbitrator and affirmed the decision and that was a well-reasoned, well-founded decision and that it certainly wasn't against the manifest weight of the evidence. And we would ask that you affirm that decision. And if you have any questions for me, I'm happy to take them. I don't believe there are. Thank you, Ms. Thank you for your time. Mr. Gannon, you may reply. Thank you, Mr. Mr. Gannon. Have I mischaracterized your position? As I understand your position is they improperly excluded two pieces of evidence. Now we want this to go back. We want you to consider this case and consider this evidence. Is that that is accurate? That is accurate, your honor. Yes. Okay. All right. And um, on that note, we, we believe that if the evidence was considered a contrary decision would have been made, uh, and to address some of the issues council didn't make, I understand. Um, she would like this evaluated as a manifest weight of the evidence standard. However, it just simply can't be because the evidence was never considered. There is no evidence here. The arbitrator decided to strike out in his report. Um, it States, I will consider pages one through 26 of 135 pages. So it can't be a manifest way to the evidence. If he already excluded that evidence, which is why we're here on a contrary to law, um, uh, standard and why our argument is that it was contrary to law to make these evidentiary rulings with no objection and with stipulated evidence. Um, you know, if I could not the money, the waters any further, but your opponent seems to have a fallback position. She's had to acknowledge that it was never considered, um, by the, uh, commission. Um, and it seems to be significant evidence on its face, but she seems to be arguing something analogous, like a plain error argument that even if the commission had considered this evidence and considered the causation opinions, it wouldn't have made a difference in her decision. So how do you respond to that? Sure. And thank you. Um, the way I would respond to that is that with this evidence, the arbitrator would have the analysis of four total treating physicians with causation opinions in comparison to Dr. Fletcher. And, you know, we've talked about why Dr. Fletcher hasn't made a causation opinion. And I apologize. I haven't explained why he has it. The reason he didn't have a causation opinion respondent didn't provide Dr. Fletcher with the job description. And that is in respondents exhibit three page 33, he testified he doesn't have a job description. Dr. Cohen had the job description. The other three physicians at Northwestern had a work history describing what his job duties were. So Fletcher was given insufficient data. In other words, you're saying to make his opinion, this is what you're saying. Yes. Okay. So let's just cut again down to the simple, okay. These excluded a hundred and some pages have what four other doctors giving opinions for total. So three other than Dr. Cohen, other doctors giving opinions. Yes. Why is there something unique about their opinions compared to COS? Your honor, as far as it being unique, what it does is it supports Dr. Cohen who has a causation opinion as opposed to respondents retained expert who does not count the numbers here. That's all cumulative and repetitive, right? Isn't that a reason to not for an objection and not a no consideration. Well, what else is contained within those records is not just the causation opinions. What else is contained is the course of treatment, the severity of it, how certain irritants made it worse. So there's more evidence within those excluded medical records than just the three physicians opinions. Is it important evidence to the real issue of this case? Yes. And I'll give you an example of that. He didn't require an inhaler. Then he required an inhaler that was prescribed by these physicians at Northwestern. Who didn't require an inhaler? The petitioner. So before he started his employment with the respondent, he didn't have an inhaler. Within those medical records, we see that there was a diagnosis, further treatment, a course of treatment, and within that course of treatment was certain treatments like an inhaler. We're going now to nature and extent, aren't we? That is nature and extent. But again, are we here on causation? We're here on a contrary to law ruling by the arbitrator that was adopted to the commission. I think the evidentiary ruling is contrary to law. And because of that, we request that it be remanded. Mr. Siecko is no longer an arbitrator, but to an arbitrator to consider the evidence that was excluded. If there's anything further your honors would like me to address, please let me know. Otherwise, petitioner would rest, repellent would rest. I don't think there is. And thank you both, counsel, for your arguments in this matter.